CAROLINE D. CIRAOLO
Acting Assistant Attorney General

RIKA VALDMAN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
202-514-6056 (v)
202-307-0054 (f)
rika.valdman@usdoj.gov

*Of Counsel:*

MICHAEL W. COTTER
United States Attorney
District of Montana
*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| THE STATE OF MONTANA,<br><br>             Plaintiff,<br><br>     vs.<br><br>THE REAL PROPERTY LOCATED AT 6350 W. MONTANA HIGHWAY 200 WITH ALL IMPROVEMENTS AND FIXTURES THEREON; A 2008 BLACK CHEVROLET SILVERADO, VIN NO. 3GCEK13J78G240938, | Civil No. 6:15-cv-00074-CCL<br><br><br>**UNITED STATES' ANSWER TO PETITION FOR FORFEITURE AND CLAIM TO FORFEITED ASSETS, AND COUNTERCLAIM TO REDUCE FEDERAL TAX ASSESSMENTS TO JUDGMENT AND TO FORECLOSE FEDERAL TAX LIENS** |

1

REGISTERD TO DENNIS PEIKER;
A 1986 JOHN DEERE
EXCAVATOR, SERIAL NO. 3866;
A RED POLARIS SPORTSMAN
600 ATV WITH TRACKS, WITH
ATTACHED VIN NO. OF
4XAMH26A671208155; A
YELLOW POLARIS SPORTSMAN
400 ATV, WITH ATTACHED VIN
NO. OF 4XACH12A84A054964; A
GREEN POLARIS MAGNUM 425
ATV WITH GREEN CART,

        Defendants.

UNITED STATES OF AMERICA,

        Counterclaimant,

                v.

THE STATE OF MONTANA
        Counter-Defendant,

                AND

DENNIS PEIKER; PAMELA
PEIKER, A.K.A., PAMELA ST.
GEORGE; MARK MONROE,

        Additional Defendants on
               Counterclaim.

        The United States of America, by and through its undersigned counsel,

hereby files its Answer to Petition for Forfeiture ("Petition") and Claim to

Forfeited Assets, and Counterclaims to Reduce Federal Tax Assessments to Judgment and to Foreclose Federal Tax Liens.

## ANSWER

To the extent not specifically admitted below, the allegations in the petition are deemed to be denied.  Answering specifically the paragraphs of the petition and utilizing the same paragraph numbering, where applicable, the United States responds as follows:

## I

The United States admits that the property sought to be forfeited is:

- Real property located at 6350 W. Montana Highway 200, with improvements and fixtures thereon, and the legal description as detailed in the petition;

- A 2008 black Chevrolet Silverado, VIN No. 3GCEKI3J78G240938, registered to Dennis Peiker;

- A 1986 John Deere excavator, Serial No. 3866;

- A red Polaris Sportsman 600 ATV with tracks, with attached VIN No. of 4XAMH26A671208155;

- A yellow Polaris Sportsman 400 ATV, with attached VIN No. of 4XACHl2A84A054964; and

-   A green Polaris Magnum 425 ATV with green cart.

The United States denies the remaining allegations in section I of the petition for lack of knowledge.

## II

The United States denies the allegations in section II of the petition for lack of knowledge.

## III

Section III of the petition calls for a legal conclusion, and as such, no response is required.

## IV

The United States admits that a document entitled "Schedule C" is attached to the petition.  The United States admits that Schedule C appears to list the "claimants of  record", including Mr. Mark Monroe, who recorded a warranty deed on February 19, 2005, and the Internal Revenue Service, that recorded Federal Tax Liens on May 20, 2013 and September 16, 2013.  The United States denies the remaining allegations in section IV of the petition for lack of knowledge.

## V

Section V of the petition contains a request for relief, and as such, no response is required.

4

## VI

Section VI of the petition contains a request for relief, and as such, no response is required.

## UNITED STATES' CLAIM TO FORFEITED ASSETS

## INCOME AND EMPLOYMENT TAX LIABILITIES AND ASSESSMENTS AGAINST DENNIS PEIKER

1.     Dennis Peiker filed his tax returns for the taxable years 2004, 2005, 2006, 2007, and 2009 under the filing status "married filing separate," and the tax returns were accepted as filed by the Internal Revenue Service ("IRS").

2.     On the following dates, a duly authorized delegate of the Secretary of Treasury made timely assessments against Dennis Peiker, for unpaid outstanding federal income taxes (Form 1040, U.S. Individual Income Tax Return) for the following tax periods:

| Tax Period | Assessment Date | Assessment amounts and type of assessments | | Unpaid Balance* |
|---|---|---|---|---|
| 12/31/2004 | 10/02/2006 | Tax: | $2,854.00 | $6,674.14 |
| | " | Estimated Tax Penalty: | $82.00 | |
| | " | Late Filing Penalty: | $642.15 | |
| | " | Failure to Pay Penalty: | $256.86 | |
| | " | Interest: | $348.55 | |
| | 10/31/2011 | Failure to Pay Penalty: | $456.64 | |
| | | | | |
| 12/31/2005 | 10/09/2006 | Tax: | $16,534.00 | $30,221.38 |
| | " | Estimated Tax Penalty: | $127.00 | |
| | " | Failure to Pay Penalty: | $496.02 | |
| | " | Interest: | $618.22 | |
| | 10/31/2011 | Failure to Pay Penalty: | $3,637.48 | |

| Tax Period | Assessment Date | Assessment amounts and type of assessments | Unpaid Balance* |
|---|---|---|---|
| 12/31/2006 | 05/28/2007 " " " 10/31/2011 | Tax:                              $69,935.00<br>Estimated Tax Penalty:      $869.00<br>Failure to Pay Penalty:       $699.05<br>Interest:                         $661.87<br>Failure to Pay Penalty: $16,777.19 | $119,668.22 |
| 12/31/2007 | 05/26/2008 " " " 10/31/2011 | Tax:                              $98,896.00<br>Estimated Tax Penalty:  $3,890.00<br>Failure to Pay Penalty:       $988.96<br>Interest:                         $666.89<br>Failure to Pay Penalty: $23,735.04 | $162,206.32 |
| 12/31/2009 | 11/15/2010 " " " | Tax:                             $139,837.00<br>Estimated Tax Penalty:  $1,905.00<br>Failure to Pay Penalty:   $4,894.29<br>Interest:                        $3,318.04 | $204,313.08 |
| | | **TOTAL:** | $523,083.14 |

*As of September 1, 2015, and including accrued but unassessed interest as of this date.

3.     During the calendar years 2005 through 2008, Dennis Peiker operated a sole proprietorship under the name of "Peiker Construction."

4.     Dennis Peiker filed employment tax returns on behalf of Peiker Construction for various quarters during 2005 through 2008 that were accepted as filed by the IRS.

5.     On the following dates, a duly authorized delegate of the Secretary of Treasury made timely assessments against Dennis Peiker, Peiker Construction for

unpaid outstanding employment taxes (Form 941, Employer's Quarterly Federal

Tax Return, and Form 940EZ, Employer's Annual Federal Unemployment Tax

Return) for the following tax periods:

| Tax Period | Tax | Assessment Date | Assessment amounts and type of assessments | Unpaid Balance* |
|---|---|---|---|---|
| 09/30/2005 | 941 | 01/02/2006 " | Tax:                              $12,123.54<br>Fed. Tax Deposit Penalty: $800.24 | $1,245.19 |
| 12/31/2005 | 940EZ | 03/13/2006<br>08/28/2006<br>08/25/2008 | Tax:                                 $423.24<br>Penalty for Late Payment:    $10.76<br>Penalty for Late Payment:    $53.81 | $506.54 |
| 12/31/2006 | 941 | 03/26/2007 " | Tax:                               $7,257.32<br>Fed. Tax Deposit Penalty: $725.73 | $1,028.69 |
| 09/30/2007 | 941 | 05/26/2008 "<br>"<br>"<br>"<br>06/30/2008<br>08/25/2008<br>08/31/2009<br>11/14/2011 | Tax:                               $7,478.34<br>Late Filing Penalty:        $1,002.91<br>Fed. Tax Deposit Penalty: $446.54<br>Penalty for Late Payment: $156.01<br>Interest:                           $222.57<br>Fed. Tax Deposit Penalty: $222.87<br>Penalty for Late Payment:   $89.14<br>Penalty for Late Payment: $534.89<br>Penalty for Late Payment: $334.30 | $9,587.87 |
| 06/30/2008 | 941 | 06/22/2009 "<br>"<br>"<br>"<br>07/27/2009<br>11/14/2011 | Tax:                               $9,792.34<br>Late Filing Penalty:          $869.13<br>Fed. Tax Deposit Penalty: $386.28<br>Penalty for Late Payment: $212.46<br>Interest:                           $216.99<br>Fed. Tax Deposit Penalty: $193.14<br>Penalty for Late Payment: $753.24 | $7,897.96 |
| 09/30/2008 | 941 | 01/12/2009 "<br>" | Tax:                             $14,496.00<br>Late Filing Penalty:          $813.04<br>Fed. Tax Deposit Penalty: $903.38 | $16,789.01 |

| Tax Period | Tax | Assessment Date | Assessment amounts and type of assessments | Unpaid Balance* |
|---|---|---|---|---|
| | | " | Penalty for Late Payment: $135.51 | |
| | | " | Interest:                    $115.31 | |
| | | 02/23/2009 | Fed. Tax Deposit Penalty: $451.69 | |
| | | 08/31/2009 | Penalty for Late Payment: $587.20 | |
| | | 11/14/2011 | Penalty for Late Payment: | |
| | | | $1,535.75 | |
| | | | **TOTAL:** | $37,055.26 |

*As of September 1, 2015, and including accrued but unassessed interest as of this date.

**NOTICES OF FEDERAL TAX LIENS FILED AGAINST DENNIS PEIKER**

6.     Timely notice was given and demand for payment of the assessments set forth in paragraphs 2 and  5 above, was made to Dennis Peiker, as required by 26 U.S.C. § 6303 of the Internal Revenue Code.

7.     Despite timely notice and demands for payment of the federal income and employment tax assessments described in paragraphs 2 and 5 above, Dennis Peiker has neglected or refused to make full payment of the assessed amount to the United States.

8.     As a result of Dennis Peiker's failure to pay the tax liabilities described in paragraphs 2 and 5 above, Notices of Federal Tax Lien were recorded against Dennis Peiker on the following dates, for the following tax periods, and in the locations as described below:

| Tax | Tax Period | Lien Filing Date | Lien Filed Against | Lien Filing Locations |
|---|---|---|---|---|
| 1040 | 12/31/2004 | 04/05/2010 | Dennis Peiker | Clerk and Recorder, Lewis and Clark County, Helena, MT 59601 Register of Deeds, Grant County, Milbank, SD 57252 |
| | | 04/06/2010 | Dennis Peiker | |
| 1040 | 12/31/2005 | 04/05/2010 | Dennis Peiker | Clerk and Recorder, Lewis and Clark County, Helena, MT 59601 Register of Deeds, Grant County, Milbank, SD 57252 |
| | | 04/06/2010 | Dennis Peiker | |
| 1040 | 12/31/2006 | 04/05/2010 | Dennis Peiker | Clerk and Recorder, Lewis and Clark County, Helena, MT 59601 Register of Deeds, Grant County, Milbank, SD 57252 |
| | | 04/06/2010 | Dennis Peiker | |
| 1040 | 12/31/2007 | 04/05/2010 | Dennis Peiker | Clerk and Recorder, Lewis and Clark County, Helena, MT 59601 Register of Deeds, Grant County, Milbank, SD 57252 |
| | | 04/06/2010 | Dennis Peiker | |
| 1040 | 12/31/2009 | 12/06/2010 | Dennis Peiker | Clerk and Recorder, Lewis and Clark County, Helena, MT 59601 |

| Tax | Tax Period | Lien Filing Date | Lien Filed Against | Lien Filing Locations |
|---|---|---|---|---|
| 941 | 09/30/2005 | 03/29/2010 | Dennis Peiker, Peiker Const. | Clerk and Recorder, Lewis and Clark County, Helena, MT 59601 |
| | | 03/29/2010 | Dennis Peiker, Peiker Const. | Register of Deeds, Grant County, Milbank, SD 57252 |
| 941 | 12/31/2006 | 03/29/2010 | Dennis Peiker, Peiker Const. | Clerk and Recorder, Lewis and Clark County, Helena, MT 59601 |
| | | 03/29/2010 | Dennis Peiker, Peiker Const. | Register of Deeds, Grant County, Milbank, SD 57252 |
| 941 | 09/30/2007 | 03/29/2010 | Dennis Peiker, Peiker Const. | Clerk and Recorder, Lewis and Clark County, Helena, MT 59601 |
| | | 03/29/2010 | Dennis Peiker, Peiker Const. | Register of Deeds, Grant County, Milbank, SD 57252 |
| 941 | 06/30/2008 | 03/29/2010 | Dennis Peiker, Peiker Const. | Clerk and Recorder, Lewis and Clark County, Helena, MT 59601 |
| | | 03/29/2010 | Dennis Peiker, Peiker Const. | Register of Deeds, Grant County, Milbank, SD 57252 |
| 941 | 09/30/2008 | 03/29/2010 | Dennis Peiker, Peiker Const. | Clerk and Recorder, Lewis and Clark County, Helena, MT 59601 |
| | | 03/29/2010 | Dennis Peiker, | Register of Deeds, |

| Tax | Tax Period | Lien Filing Date | Lien Filed Against | Lien Filing Locations |
|-----|-----------|-----------------|-------------------|----------------------|
|     |           |                 | Peiker Const.     | Grant County, Milbank, SD 57252 |

## INCOME TAX LIABILITIES AND ASSESSMENTS AGAINST DENNIS PEIKER AND PAMELA PEIKER, A.K.A. PAMELA ST. GEORGE

9.    Dennis Peiker and Pamela Peiker, a.k.a. Pamela St. George, filed a joint tax return for the taxable year 2008 under the filing status "married filing joint," and the tax return was accepted as filed by the IRS.

10.    On the following dates, a duly authorized delegate of the Secretary of Treasury made timely assessment against Dennis Peiker and Pamela St. George, as married taxpayers filing jointly, for unpaid outstanding federal income taxes (Form 1040, U.S. Individual Income Tax Return) for the following tax period:

| Tax Period | Assessment Date | Assessment amounts and type of assessments | Unpaid Balance* |
|-----------|----------------|--------------------------------------------|-----------------|
| 12/31/2008 | 11/23/2009 | Tax:                    $65,100.00 | $39,000.63 |
|           | "               | Estimated Tax Penalty:  $2,092.00 |            |
|           | "               | Failure to Pay Penalty:   $2,604.00 |            |
|           | "               | Interest:                     $1,603.14 |            |
|           | 10/31/2011 | Failure to Pay Penalty: $13,671.00 |            |

*As of September 1, 2015, and including accrued but unassessed interest as of this date.

## NOTICES OF FEDERAL TAX LIENS FILED AGAINST DENNIS PEIKER AND PAMELA PEIKER, A.K.A. PAMELA ST. GEROGE

11.     Timely notice was given and demand for payment of the assessments set forth in paragraph 10 above, was made to Dennis Peiker and Pamela Peiker, a.k.a Pamela St. George, as required by 26 U.S.C. § 6303 of the Internal Revenue Code.

12.     Despite timely notice and demands for payment of the federal income tax assessments described in paragraph 10 above, Dennis Peiker and Pamela Peiker, a.k.a. Pamela St. George, have neglected or refused to make full payment of the assessed amount to the United States.

13.     As a result of Dennis Peiker and Pamela Peiker, a.k.a. Pamela St. George's failure to pay the tax liabilities described in paragraph 10 above, Notices of Federal Tax Lien were recorded against Dennis Peiker and Pamela Peiker on the following dates, for the following tax periods, and in the locations as described below:

| Tax | Tax Period | Lien Filing Date | Lien Filed Against | Lien Filing Locations |
|---|---|---|---|---|
| 1040 | 12/31/2008 | 04/05/2010 | Dennis & Pamela Peiker | Clerk and Recorder, Lewis and Clark County, Helena, MT 59601 |
| | | 04/06/2010 | Dennis & Pamela Peiker | Register of Deeds, Grant County, Milbank, SD 57252 |

## THE REAL PROPERTY SOUGHT TO BE FORFEITED

14.     Mark Monroe is the title holder of the real property sought to be forfeited ("subject property").

15.     Sometime in 2004 or 2005, pursuant to an oral agreement ("the agreement") between Mark Monroe and Dennis Peiker, Dennis Peiker acquired all or part of the subject property, took over Mark Monroe's payments for the property, and began living on the property.

16.     Pursuant to the agreement, title to all or part of the property was to be transferred from Mark Monroe's name to Dennis Peiker.  Mark Monroe has failed to transfer title to all or part of the subject property from Mark Monroe's name to Dennis Peiker's name.

17.     Since the time of their agreement, Dennis Peiker made all the payments related to the property, including property taxes and sanitary waste bills, and lived on the subject property.

18.     Mark Monroe has not lived on the subject property since 2004 or 2005, and has not made any payments on the subject property since 2004 or 2005 when Dennis Peiker took over payments for the subject property.

19.     Dennis Peiker is the true, legal owner of the subject property despite Mark Monroe being the legal title holder.

20.     To the extent that Mark Monroe holds an interest in the subject property, he does do so as the nominee or alter-ego of Dennis Peiker.

## IRS NOMINEE LIENS AGAINST MARK MONROE

21.    The IRS filed Notices of Federal Tax Lien against Mark Monroe as nominee, Nominee for Dennis Peiker, on the following dates, for the following tax periods, and in the locations as described below:

| Tax | Tax Period | Lien Filing Date | Lien Filing Locations |
|---|---|---|---|
| 1040 | 12/31/2004 | 05/20/2013 | Clerk and Recorder, Lewis and Clark County, Helena, MT 59601 |
| | | 09/16/2013 | Clerk and Recorder, Lewis and Clark County, Helena, MT 59601 |
| 1040 | 12/31/2005 | 05/20/2013 | Clerk and Recorder, Lewis and Clark County, Helena, MT 59601 |
| | | 09/16/2013 | Clerk and Recorder, Lewis and Clark County, Helena, MT 59601 |
| 1040 | 12/31/2006 | 05/20/2013 | Clerk and Recorder, Lewis and Clark County, Helena, MT 59601 |
| | | 09/16/2013 | Clerk and Recorder, Lewis and Clark County, Helena, MT 59601 |
| 1040 | 12/31/2007 | 05/20/2013 | Clerk and Recorder, Lewis and Clark County, Helena, MT 59601 |
| | | 09/16/2013 | Clerk and Recorder, Lewis and Clark County, Helena, MT 59601 |
| 1040 | 12/31/2008 | 09/16/2013 | Clerk and Recorder, Lewis and Clark County, Helena, MT 59601 |
| 1040 | 12/31/2009 | 05/20/2013 | Clerk and Recorder, Lewis and Clark County, Helena, MT 59601 |

| Tax | Tax Period | Lien Filing Date | Lien Filing Locations |
|---|---|---|---|
| | | 09/16/2013 | Clerk and Recorder, Lewis and Clark County, Helena, MT 59601 |
| 941 | 09/30/2005 | 09/16/2013 | Clerk and Recorder, Lewis and Clark County, Helena, MT 59601 |
| 941 | 12/31/2006 | 09/16/2013 | Clerk and Recorder, Lewis and Clark County, Helena, MT 59601 |
| 941 | 09/30/2007 | 09/16/2013 | Clerk and Recorder, Lewis and Clark County, Helena, MT 59601 |
| 941 | 06/30/2008 | 09/16/2013 | Clerk and Recorder, Lewis and Clark County, Helena, MT 59601 |
| 941 | 09/30/2008 | 09/16/2013 | Clerk and Recorder, Lewis and Clark County, Helena, MT 59601 |

22.     Pursuant to 26 U.S.C. §6323 and C.F.R. §301.6323(f)-1, the Notices of Federal Tax Lien described in paragraphs 8, 13, and 21 above attach to the real property at 6350 W. Montana Highway 200, Lincoln, MT 59639, as well as any personal property belonging to Dennis Peiker, including but not limited to, the items sought to be forfeited in the petition for forfeiture.

WHEREFORE, the United States of America prays that:

A. The Court enter judgment awarding the United States its claim to the real and personal property sought to be forfeited in the petition for forfeiture;

B. The Court determine that the United States' interest in the property arose as of the dates of assessment referenced in the Notices of Federal Tax Lien, and that the United States' priority of interest in the property be determined from those dates;

C. The Court determine that the United States has valid Federal tax liens against the property that take priority over the interest of the State of Montana and any other creditor;

D. The United States recover its costs and attorney's fees for pursuing this action; and

E. That the Court grant the United States any other relief it deems just and proper.


## UNITED STATES' COUNTERCLAIM TO REDUCE FEDERAL TAX ASSESSMENTS TO JUDGMENT AND TO FORECLOSE FEDERAL TAX LIENS

## JURISDICTION

1.      The United States brings these counterclaims against the State of Montana pursuant to Fed. R. Civ. P 13, and adds as additional Counterclaim Defendants Dennis Peiker, Pamela Peiker, a.k.a. Pamela St. George, and Mark Monroe pursuant to Fed. R. Civ. P. 13(h) in order to bring all claims and parties before the Court to resolve all encumbrances on the subject property.  The United

States' counterclaims seek: (1) to reduce to judgment the outstanding federal income tax liabilities owed by Defendant Dennis Peiker; (2) to reduce to judgment the outstanding federal employment tax liabilities owed by Defendant Dennis Peiker;  (3) to reduce to judgment the outstanding federal income tax liabilities jointly owed by Defendants Dennis Peiker and Pamela Peiker, a.k.a Pamela St. George; (4) to determine that Defendant Dennis Peiker is the true owner of the subject property described more completely below, pursuant to an oral contract between Defendant Dennis Peiker and Defendant Mark Monroe;  (5) to determine that Defendant Dennis Peiker is the true owner of the subject property and to the extent that Defendant Mark Monroe holds an interest in the subject property, he does do so as the nominee or alter-ego of Defendant Dennis Peiker; and (5) to foreclose federal tax liens.

2.     This action is commenced pursuant to 26 U.S.C. §§ 7401, 7402, and 7403, at the direction of the Attorney General of the United States, with the authorization and at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United States.

3.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402 and 7403.

4.     Venue properly lies in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1396, because the property sought to be foreclosed is located within

the District of Montana, and Defendants Dennis Peiker and Pamela Peiker, a.k.a.
Pamela St. George, accrued federal tax liabilities within this judicial district.

## DEFENDANTS

5.      Defendant The State of Montana is made a party to this suit pursuant
to 26 U.S.C. § 7403(b) because it may claim an interest in the property sought to
be foreclosed.

6.      Defendant Dennis Peiker is being made a party to this suit because he
has unpaid federal income tax (Form 1040) and unpaid federal employment taxes
(Forms 941 and 940EZ) liabilities arising from his operation of Peiker
Construction.  Additionally, Defendant Dennis Peiker is being made a party to this
suit pursuant to the provisions of 26 U.S.C. § 7403(b) because he may claim an
interest in the property on which the Government seeks to foreclose.  On
September 23, 2015, Defendant Dennis Peiker plead guilty to several offenses,
including one count of tax evasion in Case No. 6:15-cr-00005-CCL-1 in the
District Court for the District of Montana.  Defendant Dennis Peiker has also
agreed to pay restitution amounting to nearly $410,000 in back taxes owed to the
Internal Revenue Service for the tax years 2002 to 2009.

7.      Defendant Pamela Peiker, a.k.a. Pamela St. George, is being made a
party to this suit because she has unpaid federal income tax (Form 1040) liabilities.
Additionally, Defendant Pamela Peiker, a.k.a. Pamela St. George, is made a party

to this suit pursuant to 26 U.S.C. § 7403(b) because she may claim an interest in the property sought to be foreclosed.

      8.    Defendant Mark Monroe is made a party to this suit pursuant to 26 U.S.C. § 7403(b) because he may claim an interest in the property sought to be foreclosed.

## THE SUBJECT PROPERTY

      9.    The real property sought to be foreclosed, (hereinafter "the Subject Property"), is a parcel of real property located at 6350 W. Montana Highway 200, Lincoln, MT 59632.  The subject property is legally described as:

> The North Half of the Northeast Quarter (N1/2NEI/4) of Section 30, Township 14 North, Range 9 West, P.M.M.,, records of Lewis and Clark County, Montana.
> EXCEPTING THEREFROM:
> Tracts 1 and 2 as shown on Certificate of Survey filed under Document Number 605479/T.
>
> That portion of Montana State Highway 200 as described in Bargain and Sale Deed execute by Delbert F. and Maryann Barham to the State of Montana for the benefit and use of its Department of Highways recorded February 3,1993, in M Book 13, Page 8747, records of Lewis and Clark County, Montana.
>
> A four sided tract or parcel of land located in the NE1/4 of the NE1/4 SECTION 30, TOWNSHIP 14 NORTH, RANGE 9 WEST, P.M.M., Lewis and Clark County, said land lies South and adjacent to the MONTANA STATE HIGHWAY designated as State Highway Number 20 in Lewis and Clark County, Montana, and more particularly described by metes and bounds, as follows, to-wit:
>
> Beginning at an iron post, 30 inches long, 2 1/2 inches in diameter, 22 inches in the ground, with brass cap marked NE 1/16, S. 30, 1956, and

said iron post is the point for the NE 1/16 Section corner of Section 30, and said corner is at the center of the NE 1/4 of Section 30, Township 14 North, Range 9 West; thence N. 0°30' W., 433.00 feet on the North-South center line of the NE 1/4 of Section 30 to a 3/4 inch X 30 inch iron bolt that is on the South Right-of-Way line of State Highway No. 20 and said bolt is at State Highway Right-of-Way station 554 +06.33; thence S. 69°58'20" E., 220.92 feet along the South Right-of-Way line of the State Highway to a 3/4 inch X 30 inch iron bolt that is at the State Highway survey station 556 + 27.25; thence S. 0°34'20" E., 356.92 feet to a 3/4 inch iron bolt that is on the East-West center line of the NE 1/4 of Section 30, Township 14 North, Range 9 West; thence S. 89°53' W., 207.36 feet along the said East-West center line of the NE 1/4 of Section 30 to the place of beginning. (Deed reference Book 207 of  Deeds, Page 40)

A tract of land in the N1/2NE1/2 of Section 30, Township 14 North, Range 9 West, containing in all 10.72 acres, more or less, including, however, 1.03 acres which constitute a part of an existing public highway, by warranty deed recorded in Book 179 of Deeds at page 320, records of Lewis and Clark County, Montana, to the State of Montana Commission.

A tract of land containing in all 3.89 acres more or less.  including, however, 1.81 acres herein described which have been previously conveyed, described as a tract of land in N1/2NE1/2  of Section 30, Township 14 North, Range 9 West, described as Commencing at the Southeast corner of said N1/2NE1/2, thence westerly 155 feet, more or less along the south line of said N1/2NE1/2 to a point on the southerly right of way line of new Montana State Highway Project F 267 (6), the true point of beginning of this description; thence westerly along said south line of the N1/2NE184, 971.1 feet to a point; thence northerly to a point on the southerly right of way line of new State Highway Project F 267 (6); thence S. 70°15'30" East along said southerly right of way line to the point of beginning, said deed being recorded in Book 179 of Deeds at page 438, records of Lewis and Clark County, Montana.

Acre Number 3 conveyed by warranty deed recorded in Book 208 of Deeds, page 495, records of Lewis and Clark County, Montana, located in the Southeast portion of the N1/4NE1/4 of Section 30,

Township 14 North, Range 9 West, more particularly described as: Starting at the East line of the N1/2NE1/4 of Section 30, Township 14 North, Range 9 West, and northerly right of way line of the new Montana State Highway Project F 267 (6), the true point of beginning; thence 216 feet Westerly aling highway Project F 267 (6) line to Comer No.2; thence 200 feet Northerly and parallel to the East line of said N1/2NE1/4 of Section 30, Township 14 North, Range 9 West, to point of beginning.

A tract of land in the N1/2 of the NE1/4 of SECTION 30, TOWNSHIP 14 NORTH, RANGE 9 WEST.  Said acre being located approximately 700 feet west of the S.E. Corner of the above described land. This acre will be known as Acre No. 2 and its corners so marked and designated and the dimensions are 206 feet by 206 feet. (Deed reference Book 172 of Deeds, Page 379)

Excepting therefrom that portion conveyed to the State of Montana for Highway purposes by Book 179 of Deeds, Page 274.

A tract of land in N1/2NE1/4 SECTION 30, TOWNSHIP 14 NORTH, RANGE 9 WEST, P.M.M., Lewis and Clark County, Montana, more particularly described as follows:
Commencing at a point on the south line of said N1/2NE1/4; thence westerly 155 feet, more or less, along the south line of said N1/2NE1/4 to a point on the southerly right of way line of new State Highway Project F267 (6) the true point of beginning of this description; thence westerly along the south line of said N1/2NE1/4, 430 feet to a point; thence northerly and parallel to the east line of said N1/2NE1/4, 150 feet, more or less, to a point on the southerly right of way line of said New State Highway Project F267 (6) thence S70°15'30" E., along said right of way line to the point of beginning. (Deed Reference Book 204 of Deeds, Page 1)

10.    Defendant Mark Monroe is the title holder of the subject property.

11.    On or about October 14, 2003, Defendant Mark Monroe purchased the property from Delbert F. and Maryann Barham.

12.     Sometime in 2004 or 2005, Defendant Dennis Peiker and Defendant Mark Monroe entered into an oral agreement regarding the subject property ("the agreement").

13.     Pursuant to the agreement, Defendant Dennis Peiker was to assume ownership of all or part of the subject property and assume Defendant Mark Monroe's payments for the subject property.  Title to all or part of the subject property was to be transferred from Defendant Mark Monroe's name to Defendant Dennis Peiker.

14.     Based upon information and belief, commencing sometime in 2004 or 2005, Defendant Dennis Peiker took over Defendant Mark Monroe's payments for the property, and began living on the property.

15.     Based upon information and belief, Defendant Mark Monroe has failed to transfer title to all or part of the subject property from Mark Monroe's name to Dennis Peiker's name, as was required by the agreement.

16.     Defendant Mark Monroe has not made any payments on the property since 2004 or 2005 when Defendant Dennis Peiker took over payments for the property.

17.     Defendant Mark Monroe has not lived on the subject property since 2004 or 2005.

18.     Based upon information and belief, despite the fact that Defendant Mark Monroe remained the title holder of the subject property, from 2004 or 2005 until the time of his incarceration, Defendant Dennis Peiker, remained in continuous use, possession, and control of the subject property, paid for expenses and associated property taxes, constructed a residence on the subject property, and has enjoyed all burdens and benefits of ownership.

19.     Based upon information and belief, since 2004 or 2005, Defendant Dennis Peiker has lived on the subject property, until the time of his incarceration.

20.     Defendant Dennis Peiker is the true, legal owner of the subject property despite Defendant Mark Monroe being the title holder.

21.     Based upon information and belief, title was not transferred from Defendant Mark Monroe to Defendant Dennis Peiker due to Defendant Dennis Peiker's liabilities to the IRS.

## COUNT ONE: REDUCE FEDERAL INCOME TAX ASSESSMENTS AGAINST DENNIS PEIKER TO JUDGMENT

22.     The United States incorporates by reference the allegations contained in paragraphs 1 through 21 of the United States' Counterclaim above, as if fully set forth here.

23.     As detailed in paragraph 2 of the United States' Answer and Claim to Forfeited Assets above, a duly authorized delegate of the Secretary of Treasury

made timely assessments against Defendant Dennis Peiker for unpaid outstanding federal income taxes (Form 1040, U.S. Individual Income Tax Return) for the taxable years 2004, 2005, 2006, 2007, 2009.

24.    Timely notice was given and demand for payment of the assessments set forth in paragraph 2 of the United States' Answer and Claim to Forfeited Assets above, was made to Defendant Dennis Peiker, as required by 26 U.S.C. § 6303 of the Internal Revenue Code.

25.    Despite timely notice and demands for payment of the federal income and employment tax assessments described in paragraph 2 of the United States' Answer and Claim to Forfeited Assets above, Defendant Dennis Peiker has neglected or refused to make full payment of the assessed amount to the United States.

26.    Based on accrued interest and other statutory additions as provided by law, as of September 1, 2015, there remains due and owing the sum of $523,083.14 for federal income tax for 2004, 2005, 2006, 2007, and 2009.  Additional unassessed interest and other statutory additions as provided by law continue to accrue on these balances.

## COUNT TWO: REDUCE FEDERAL EMPLOYMENT TAX ASSESSMENTS AGAINST DENNIS PEIKER TO JUDGMENT

27.     The United States incorporates by reference the allegations contained in paragraphs 1 through 26 of the United States' Counterclaim above, as if fully set forth here.

28.     As detailed in paragraph 5 of the United States' Answer and Claim to Forfeited Assets above, a duly authorized delegate of the Secretary of Treasury made timely assessments against Defendant Dennis Peiker, Peiker Const. for unpaid outstanding federal employment taxes (Form 941, Employer's Quarterly Federal Tax Return and Form 940EZ, Employer's Annual Federal Unemployment Tax Return) for the tax periods ending 09/30/2005, 12/31/2005, 12/31/2006, 09/30/2007, 06/30/2008, and 09/30/2008.

29.     Timely notice was given and demand for payment of the assessments set forth in paragraph 5 of the United States' Answer and Claim to Forfeited Assets above, was made to Defendant Dennis Peiker, as required by 26 U.S.C. § 6303 of the Internal Revenue Code.

30.     Despite timely notice and demands for payment of the federal income and employment tax assessments described in paragraph 5 of the United States' Answer and Claim to Forfeited Assets above, Defendant Dennis Peiker has neglected or refused to make full payment of the assessed amount to the United States.

31.     Based on accrued interest and other statutory additions as provided by law, as of September 1, 2015, there remains due and owing the sum of $37,055.26 for federal for federal employment liabilities for quarters ending 09/30/2005, 12/31/2005, 12/31/2006, 09/30/2007, 06/30/2008, and 09/30/2008.  Additional unassessed interest and other statutory additions as provided by law continue to accrue on these balances.

## COUNT THREE: REDUCE FEDERAL INCOME TAX ASSESSMENTS AGAINST DEFENDANTS DENNIS PEIKER AND PAMELA PEIKER, A.K.A PAMELA ST. GEORGE, TO JUDGMENT

32.     The United States incorporates by reference the allegations contained in paragraphs 1 through 31 of the United States' Counterclaim above, as if fully set forth here.

33.     As detailed in paragraph 10 of the United States' a Answer and Claim to Forfeited Assets above, a duly authorized delegate of the Secretary of Treasury made timely assessments against Dennis Peiker and Pamela Peiker, a.k.a Pamela St. George, for unpaid outstanding federal income taxes (Form 1040, U.S. Individual Income Tax Return) for the tax year 2008.

34.     Timely notice was given and demand for payment of the assessments set forth in paragraph 10 of the United States' Answer and Claim to Forfeited Assets above, was made to Defendants Dennis Peiker and Pamela Peiker, a.k.a. Pamela St. George, as required by 26 U.S.C. § 6303 of the Internal Revenue Code.

35.     Despite timely notice and demands for payment of the federal income tax assessments described in paragraph 10 of the United States' Answer and Claim to Forfeited Assets above, Defendants Dennis Peiker and Pamela Peiker, a.k.a. Pamela St. George, have neglected or refused to make full payment of the assessed amount to the United States.

36.     Based on accrued interest and other statutory additions as provided by law, as of September 1, 2015, there remains due and owing the sum of $39,000.63 for federal income tax for 2008.  Additional unassessed interest and other statutory additions as provided by law continue to accrue on these balances.

**COUNT FOUR: DETERMINE THAT DEFENDANT DENNIS PEIKER IS THE TRUE OWNER OF THE SUBJECT PROPERTY PURSUANT TO AN ORAL AGREEMENT BETWEEN DEFENDANT DENNIS PEIKER AND DEFENDANT MARK MONROE**

37.     The United States incorporates by reference the allegations contained in paragraphs 1 through 36 of the United States' Counterclaim above, as if fully set forth here.

38.     Sometime in 2004 or 2005, Defendant Dennis Peiker and Defendant Mark Monroe entered into an oral agreement regarding the subject property, providing that Defendant Dennis Peiker was to assume ownership of all or part of the subject property and Defendant Mark Monroe's payments for the subject property.  Title to all or part of the subject property was to be transferred from Mark Monroe's name to Dennis Peiker.

39.     Based upon information and belief, commencing sometime in 2004 or 2005, Defendant Dennis Peiker has lived on the subject property, until the time of his incarceration.

40.     Based upon information and belief, Defendant Dennis Peiker took over Defendant Mark Monroe's payments for the property.

41.     Based upon information and belief, Defendant Dennis Peiker failed to transfer all or part of the subject property in his name.

42.     Based upon information and belief, Defendant Mark Monroe has not lived on the subject property since 2004 or 2005.

43.     Defendant Dennis Peiker is the true, legal owner of the subject property pursuant to the agreement to transfer Defendant Mark Monroe's interest in the property in exchange to Defendant Dennis Peiker's taking over of the payments related to the subject property.

44.     Defendant Dennis Peiker should be found to be the true owner of the subject property, and the federal tax and judgment liens arising from Defendant Dennis Peiker's unpaid tax liabilities, individually as well as jointly and severally with Defendant Pamela Peiker, a.k.a. Pamela St. George, attach to the subject property.

## COUNT FIVE: DETERMINE THAT DEFENDANT DENNIS PEIKER IS THE TRUE OWNER OF THE SUBJECT PROPERTY AND TO THE EXTENT THAT DEFENDANT MARK MONROE HOLDS AN INTEREST

## IN THE SUBJECT PROPERTY, HE DOES DO SO AS THE NOMINEE OR ALTER-EGO OF DEFENDANT DENNIS PEIKER

45.     The United States incorporates by reference the allegations contained in paragraphs 1 through 44 of the United States' Counterclaim, above, as if fully set forth here.

46.     Based upon information and belief, commencing sometime in 2004 or 2005, pursuant to an oral agreement between Defendant Mark Monroe and Defendant Dennis Peiker, Defendant Dennis Peiker assumed ownership of all or part of the subject property and took over Defendant Mark Monroe's payments for the subject property.

47.     Based upon information and belief, despite the fact that Defendant Mark Monroe remained the title holder of the subject property, from 2004 or 2005 until the time of his incarceration, Defendant Dennis Peiker, remained in continuous use, possession, and control of the subject property, paid for expenses and associated property taxes, constructed a residence on the subject property, and has enjoyed all burdens and benefits of ownership.

48.     Based upon information and belief, since 2004 or 2005, Defendant Dennis Peiker has lived on the subject property, until the time of his incarceration.

49.     Based upon information and belief, Defendant Mark Monroe has not lived on the subject property since 2004 or 2005.

50.     Based upon information and belief, Defendant Mark Monroe has retained his own residence and exercised no control or interest over the subject property.

51.     Defendant Dennis Peiker is the true, legal owner of the subject property.

52.     To the extent that Defendant Mark Monroe holds an interest in the subject property, he does do so as the nominee or alter-ego of Defendant Dennis Peiker.

53.     Based upon information and belief, title was not transferred from Defendant Mark Monroe to Defendant Dennis Peiker due to Defendant Dennis Peiker's liabilities to the IRS.

54.     Any claim to or interest in the property by Defendant Mark Monroe is fraudulent and/or non-existent.  Any such claims or interests were part of a scheme to defraud creditors of Defendant Dennis Peiker, including the United States, and have no merit.

55.     Defendant Dennis Peiker should be found to be the true owner of the subject property, and the federal tax and judgment liens arising from Defendant Dennis Peiker's unpaid tax liabilities, individually as well as jointly and severally with Defendant Pamela Peiker, a.k.a. Pamela St. George, attach to the subject property.

## COUNT SIX: FORECLOSE FEDERAL TAX LIENS

56.     The United States incorporates by reference the allegations contained in paragraphs 1 through 55 of the United States' Counterclaim, above, as if fully set forth here.

57.     Pursuant to 26 U.S.C. §§ 6321 and 6322, liens arose in favor of the United States as of the dates of the assessments set forth in paragraphs 2 and 5 of the United States' Answer and Claim to Forfeited Assets, and attached to all property and rights to property, whether real or personal, belonging to Defendant Dennis Peiker, including the subject property.

58.     Pursuant to 26 U.S.C. §§ 6321 and 6322, liens arose in favor of the United States as of the dates of the assessments set forth in paragraph 10 of the United States' Answer and Claim to Forfeited Assets, and attached to all property and rights to property, whether real or personal, belonging to Defendants Dennis Peiker and Pamela Peiker, a.k.a. Pamela St. George, including the subject property.

59.     As detailed in paragraph 8 of the United States' Answer and Claim to Forfeited Assets, and in accordance with 26 U.S.C. §6323(f), on April 5, 2010 and April 6, 2010, the IRS recorded Notices of Federal Tax Lien against Defendant Dennis Peiker for income tax years 2004, 2005, 2006, 2007, and 2009.

60.     As detailed in paragraph 8 of the United States' Answer and Claim to Forfeited Assets, and in accordance with 26 U.S.C. §6323(f), on March 29, 2010,

the IRS recorded Notices of Federal Tax Lien against Dennis Peiker, Peiker Cont. for the tax periods ending 09/30/2005, 12/31/2006, 09/30/2007, 06/30/2008, and 09/30/2008.

61.     As detailed in paragraph 13 of the United States' Answer and Claim to Forfeited Assets, and in accordance with 26 U.S.C. §6323(f), on April 5, 2010 and April 6, 2010, the IRS recorded Notices of Federal Tax Lien against Dennis Peiker and Pamela Peiker, a.k.a. Pamela St. George, for income tax year 2008.

62.     As detailed in paragraph 21 of the United States' Answer and Claim to Forfeited Assets, and in accordance with 26 U.S.C. §6323(f), on May 20, 2013, the IRS filed Notices of Federal Tax Lien against Mark Monroe as Nominee for Dennis Peiker for income tax years 2004, 2005, 2006, 2007, and 2009.

63.     As detailed in paragraph 21 of the United States' Answer and Claim to Forfeited Assets, and in accordance with 26 U.S.C. §6323(f), on September 16, 2013, the IRS filed Notices of Federal Tax Lien against Mark Monroe as Nominee for Dennis Peiker for income tax years 2004, 2005, 2006, 2007, 2008, and 2009, and for employment tax periods ending on 09/30/2005, 12/31/2006, 09/30/2007, 06/30/2008, and 09/30/2008.

64.     Pursuant to 26 U.S.C. § 7403(c), the United States is entitled to a decree of sale of the subject property to enforce its tax liens arising from the assessments described above.

WHEREFORE, the United States of America, as the Counterclaimant, prays as follows:

A.   That this Court determine and adjudge that Defendant Dennis Peiker is indebted to the United States in the amount of $523,083.14 for federal income tax years 2004, 2005, 2006, 2007, and 2009, as of September 1, 2015.  These amounts are less any subsequent payments or credits, plus interest and other statutory additions, as provided by law, and that judgment in that amount be entered against Defendant Dennis Peiker and in favor of the United States;

B.   That this Court determine and adjudge that Defendant Dennis Peiker is indebted to the United States in the amount of $37,055.26 for federal employment liabilities for quarters ending 09/30/2005, 12/31/2005, 12/31/2006, 09/30/2007, 06/20/2008, and 09/20/2008, as of September 1, 2015.  These amounts are less any subsequent payments or credits, plus interest and other statutory additions, as provided by law, and that judgment in that amount be entered against Defendant Dennis Peiker and in favor of the United States;

C.   That this Court determine and adjudge that Defendants Dennis Peiker and Pamela Peiker, a.k.a. Pamela St. George, are jointly and severally indebted to the United States in the amount of $39,000.63 for federal

income tax year 2008, as of September 1, 2015.  These amounts are less any subsequent payments or credits, plus interest and other statutory additions, as provided by law, and that judgment in that amount be entered against Defendants Dennis Peiker and Pamela Peiker, a.k.a. Pamela St. George, and in favor of the United States;

D.      That this Court determine and adjudge that the United States has valid federal tax liens against all real and personal property and rights to property of Defendant Dennis Peiker, including, but not limited to, his interest in the subject property;

E.      That this Court determine and adjudge that the United States has valid federal tax liens against all real and personal property and rights to property of Defendants Dennis Peiker and Pamela Peiker, a.k.a. Pamela St. George, including, but not limited to, their interest in the subject property;

F.      That this Court determine and adjudge that Defendant Dennis Peiker is the true owner of the subject property, pursuant to an agreement between Defendant Dennis Peiker and Defendant Mark Monroe;

G.      That this Court determine and adjudge that Defendant Dennis Peiker is the true owner of the subject property, and that Defendant Mark Monroe is a nominee and/or alter-ego of Defendant Dennis Peiker;

H.      That the federal tax liens against Defendant Dennis Peiker

encumbering the subject property be foreclosed;

I.      That the federal tax liens against Defendants Dennis Peiker and

Pamela Peiker, a.k.a. Pamela St. George , encumbering the subject

property be foreclosed;

J.      That the subject property be sold and that this Court determine the

interests of the parties in the subject property and their respective

priority to a distribution of proceeds from a sale of the subject

property subject to 26 U.S.C. §6323; and

//

//

//

//

//

//

//

//

//

//

K.     That the United States be granted its costs and fees herein, and such

other and further relief as this Court deems just and proper.

Respectfully submitted this 25th day of, 2015

                              CAROLINE D. CIRAOLO
                              Acting Assistant Attorney General

                              /s/ Rika Valdman
                              RIKA VALDMAN
                              Trial Attorney, Tax Division
                              U.S. Department of Justice
                              P.O. Box 683
                              Washington, D.C.  20044
                              202-514-6056 (v)
                              202-307-0054 (f)
                              rika.valdman@usdoj.gov

                              Of Counsel:
                              MICHAEL W. COTTER
                              United States Attorney
                              District of Montana

                              Attorneys for the United States of America

## <u>CERTIFICATE OF SERVICE</u>

IT IS HEREBY CERTIFIED that on this 25th day of September, 2015, I

electronically filed the foregoing document using the Court's CM/ECF system.  I

further certify that service of the foregoing has been made by deposit of a copy

thereof in the United States Postal Service in a postage prepaid envelope to:

**Leo Gallagher**
OFFICE OF THE LEWIS & CLARK COUNTY ATTORNEY
Lewis & Clark County Courthouse
Helena, MT 59601
*Plaintiff/counter-defendant*

**Mark Monroe**
7695 Bingham Ave.
Newago, MI 49337
*Counter-defendant*

**Dennis Peiker**
c/o U.S.M.S
125 Central Avenue West, Suite 220
Great Falls, MT 59404
*Counter-defendant*

Dated this 25th day of September, 2015.

Respectfully,

*/s/ Rika Valdman*
RIKA VALDMAN
Trial Attorney
Civil Trial Section, Western Region