IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| THE STATE OF MONTANA,<br><br>Plaintiff,<br><br>vs.<br><br>THE REAL PROPERTY LOCATED AT 6350 W. MONTANA HIGHWAY 200 WITH ALL IMPROVEMENTS AND FIXTURES THEREON; A 2008 BLACK CHEVROLET SILVERADO, VIN NO. 3GCEK13J78G240938, REGISTERED TO DENNIS PEIKER; A 1986 JOHN DEERE EXCAVATOR, SERIAL NO. 3866; A RED POLARIS SPORTSMAN 600 ATV WITH TRACKS, WITH ATTACHED VIN NO. OF 4XAMH26A671208155; A YELLOW POLARIS SPORTSMAN 400 ATV, WITH ATTACHED VIN NO. OF 4XACH12A84A054964; A GREEN POLARIS MAGNUM 425 ATV WITH GREEN CART,<br><br>Defendants. | CV 15–74–H–CCL<br><br>OPINION & ORDER |

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Counterclaimant,<br><br>  v.<br><br>THE STATE OF MONTANA<br><br>  Counter-Defendant,<br><br>  AND<br><br>DENNIS PEIKER; PAMELA PEIKER, A.K.A., PAMELA ST. GEORGE; MARK MONROE; BRIAN WISEMAN,<br><br>  Additional Defendants on Counterclaim. | |

  Before the Court is Counterclaimant United States of America's Motion for Summary Judgment Against Dennis Peiker. (ECF No. 54.) Plaintiff/Counter-Defendant State of Montana has not filed a response to the motion and has indicated it has no opposition to the motion (ECF No. 54 at 3). Counterclaim Defendant Dennis Peiker has filed a response in opposition to the motion, his

arguments consisting of meritless tax-defier rhetoric. (ECF No. 56.) Counterclaim Defendants Mark Monroe and Brian Wiseman have been dismissed as parties to this proceeding. (ECF Nos. 25, 46.) The Court has granted and entered a default judgment against Counterclaim Defendant Pamela Peiker for her failure to plead or defend this case as it relates to her joint income tax liability. (ECF No. 36, 38.)

This case was initiated by the State of Montana in the Montana First Judicial District Court (Lewis and Clark County) by filing a Petition for Forfeiture pursuant to Montana's drug forfeiture statutes, Sections 44-12-201, *et seq.*, MCA, against real and personal property located at 6350 W. Montana Highway 200, Lincoln, Montana. The State's claim for forfeiture relates arises from the use of the property for production and manufacture of marijuana and the purchase of personal property with marijuana proceeds. The United States, claiming a Federal tax lien interest in the assets, removed the case to this district court and filed an answer, claim to the assets, and counterclaim to foreclose Federal tax liens. The United States claims $552,341.77 for Peiker's federal income tax liabilities,

$39,346.43 in employment/unemployment tax liabilities, $41,301.41 in joint income tax liability (with Pamela Peiker), and federal tax liens against Peiker's personal property (a vehicle, excavator, and ATV).

BACKGROUND

Defendant owned and operated Peiker Construction between 1982 and 2009, first in South Dakota and later in Montana. In 2000, Peiker was convicted of two counts of Filing False Income Tax Returns in the United States District Court for the District of South Dakota, and he was sentenced to six months incarceration. At some point after serving his sentence, Peiker moved from South Dakota to Montana, and moved onto the 60-acre property in Lincoln, Montana, that is the subject of this action.

Peiker's problems with the IRS were not over, however. The IRS recorded a delinquent tax assessment for the tax years 2004, 2005, 2006, 2007, and 2009, in the amount of $552,341.77, plus statutory interest accruing after March 31, 2017. Those tax assessments were recorded by the Internal Revenue Service in 2006, 2007, 2008, and 2010. A delinquent tax assessment for 2008 was also recorded in

2009 in the amount of $41,301.41. The Internal Revenue Service also recorded approximately $39,346.43 in assessments against Peiker/Peiker Construction for delinquent employment/unemployment taxes in 2006, 2007, 2008, and 2009.

Appropriate Notices of Federal Tax Liens sent to Dennis Peiker were recorded with the Clerk and Recorder, Lewis and Clark County, on March 19 and March 25, 2010, and November 30, 2010, and with the Register of Deeds, Grant County, South Dakota, on March 22, 2010, and March 25, 2010. (ECF No. 54-3, Exhibit 13, Graham Decl. at 81-97.) Notices of Federal Tax Liens sent to Mark Monroe, as nominee for Dennis Peiker, were recorded on May 9 and May 14, 2013, with the Clerk and Recorder, Lewis and Clark County. (ECF No. 54-3, Exhibit 14, Graham Decl. at 98-107.)

In addition to problems with the IRS, however, Peiker also began to get in trouble with law enforcement, and between April and August, 2015, Dennis Peiker was indicted in three separate criminal cases in the District of Montana. Peiker pled guilty to the charges in two of the cases, and a jury convicted Peiker of the charge of manufacturing marijuana in the third case. On April 19, 2016, Dennis

Peiker was sentenced in all three criminal cases. In CR 15-5-H-BMM, Peiker was sentenced to a term of custody of 60 months for attempting to evade or defeat payment of income tax from 2002 to 2009 (Count 1) and felon-in-possession of a firearm (Count 2). In CR 15-09-H-BMM, Peiker was sentenced to a term of custody of 60 months for manufacture of marijuana. In CR 15-12-H-BMM, Peiker was sentenced to 60 months custody for being a felon-in-possession of a firearm. All counts were ordered to be served concurrently, with terms of supervised release to follow. In his Plea Agreement, Peiker agreed to pay $409,809.19 in restitution to the Internal Revenue Service, and he also acknowledged that this restitution amount did not satisfy or compromise the balance of his remaining civil liabilities (tax additional tax, additions to tax, interest, penalties) that he owed to the IRS (CR 6:15-05-BMM, ECF No. 31 at 3-5). Peiker was therefore ordered to pay restitution in the amount of $409,809.19 to the Internal Revenue Service as part of his sentence. (CR 6:15-05-BMM, ECF No. 55.)

Counterclaim Defendant Dennis Peiker lived on the property in issue since 2004 or 2005, having agreed to purchase the property from Mark Monroe, and

Peiker assumed Monroe's payments to the escrow company on a contract for deed. The property was paid for on December 19, 2008. (ECF No. 54-4, Ex. B., Monroe Depo. at 20:1-20, 22:7-22.) Title was then released from escrow to Mark Monroe, but title was never transferred to Peiker's name. (ECF No. 54-4 at 103-104.)

Monroe has disclaimed all interest in the property and admits that Peiker is the true owner of the property. (ECF No. 44; ECF No. 54-4, Ex. B., Monroe Depo. at 40:19-22.)

As described above, when Peiker moved onto the property sometime in 2004 or 2005, Peiker took over Mark Monroe's payments. Peiker built a home on the property. Peiker paid property taxes and utilities. (ECF No. 54-4, Ex. A, Peiker Depo. at 64-104, Ex. H, Valdman Decl..) The property remained in Monroe's name, however; Monroe discovered in 2005 or 2006 that Peiker had problems with the Internal Revenue Service and did not want the property in his name. (ECF No. Ex. B, Monroe Depo. at 27:, Valdman Decl.) The house burned down in 2007, and Peiker received a $768,495 insurance settlement. Peiker rebuilt a new home on the foundation of the previous residence. Then Peiker began to

7

grow and distribute marijuana in a cash-only business on the property. In addition to the residence, Peiker owned a John Deere Excavator that was being stored on the property, as well as other vehicles itemized in the Counterclaim.

Peiker does not have any records of any payments he made to the IRS with respect to his outstanding tax liability. (ECF No. 54-4, Peiker Depo., at 22-23, TR 61:19-62:11.)

LEGAL STANDARD

To succeed on its motion for summary judgment, the movant must "show that there is no genuine dispute as to any material fact" and that it "is entitled to judgment as a matter of law." Fed.R.Civ. P. 56(a). It is the movant's burden to demonstrate the legal basis for the motion and to identify evidence that shows an absence of genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the opposing party to establish that there is a genuine dispute of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986). Conclusory statements will not meet this burden, and if the opposing party cannot demonstrate

that a triable issue of fact exists, then the movant is entitled to summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

DISCUSSION

When filing a claim for collection of tax and presenting a minimal evidentiary foundation, the government carries its burden of proof by introducing an assessment of tax due. *United States v. Stonehill*, 702 F.2d 1288, 1293 (9th Cir. 1983). The United States has submitted Certificate of Assessments as proof of Peiker's tax liabilities for 2004 through 2009. (ECF No. 54-3, Exhibits 1-12, Graham Decl. at 14-80.)

Pursuant to 26 U.S.C. § 7403, the United States may foreclose its perfected lien, sell the subject property, and apply the proceeds toward the tax liens. *See United States v. Rodgers*, 461 U.S. 677, 693-94 (1983). The Federal tax liens here arose on the dates of assessments in 2004-2009, long before the State of Montana filed its forfeiture claim relating to Peiker's marijuana manufacturing operation. *See* 26 U.S.C. §§ 6321-6322. The liens were perfected by filing notices with the Clerk and Recorder, Lewis and Clark County, Helena, Montana, and with the

9

Register of Deeds, Grant County, Milbank, South Dakota.  26 U.S.C. § 6323(f).
(ECF No. 54-3, Ex. 13-14, Graham Decl. at 81-107.)

Although Peiker has asserted that he had a lifetime lease on the real property and did not own it, the title holder, Mark Monroe, claims that he sold the property to Peiker, who has made all the payments on the property since approximately 2004 and who paid off the property in 2008.  Monroe claims that Peiker is the true owner of the property.  (ECF No. 54-4, Ex. B, Monroe Depo. at 17:22-18:1, 40:19-22.)  Peiker lived on the property, built structures on the property, and paid the property taxes and the utilities.  Monroe never lived on the property.  The Court finds that Monroe has served as a nominee title holder for Peiker, who is the true owner of the subject real property.

Because Peiker refused to respond to the United States' Requests for Admissions asking him to admit that he is the owner of a 2008 black Chevrolet Silverado, VIN No. 3GCEK13J78G240938, a 1986 John Deere Excavator, Serial No. 3866, and a green Polaris Magnum 425 ATV with green cart, these items of personal property are deemed to be owned by Peiker.  *See* Fed.R.Civ.P. 36(a)(3).

Peiker's arguments in opposition to summary judgment are without merit. For example, Peiker believes that he has settled his tax liability because he stamped the United States' correspondence notifying him of outstanding federal tax liabilities and sent the correspondence back to the United States. Peiker's stamp reads: "Accepted from value, exempt from levy, by Dennis Peiker, dated 8-31-16. Exemption Identification number 504687734 for deposit with United States Treasury for credit to the U.S. Clerk of Court Case #CV15-74-H-CCL." (ECF No. 54-4, Ex. G, Valdman Decl. at 122-125.) Peiker believes that he has taken care of his Federal tax liabilities, but he has no evidence to support his belief, whereas the United States has provided ample evidence of Peiker's tax liabilities, failure to pay, and ownership of real and personal property.

CONCLUSION

No genuine issue of fact exists that prevent the government from proving that it is entitled to judgment in its favor. Dennis Peiker is the true owner of the subject real property located at 6350 W. Montana Highway 200, Lincoln, MT 59632, as described in the United States' Petition for Forfeiture (ECF No. 9 at ¶

10). The United States is entitled to foreclose against Dennis Peiker the Federal Tax Liens listed in its Counterclaim in the amount of $5213,083.14 for federal income tax for 2004, 2005, 2006, 2007, and 2009.  The United States is entitled to foreclose on the assessments for outstanding federal employment taxes for the tax periods ending 09/30/2005, 12/31/2005, 12/31/2006, 09/30/2007, 06/30/2008, and 09/30/2008 against Dennis Peiker in the amount of $37,055.26.  The United States is entitled to foreclose on the assessments for outstanding federal income taxes for the tax year 2008 against Dennis Peiker and Pamela Peiker, a.k.a. Pamela St. George, in the amount of $39,000.63.  Additional unassessed interest and other statutory additions continue to accrue on Peiker's indebtedness.  The federal tax and judgment liens against Dennis Peiker and Dennis Peiker and Pamela Peiker, a.k.a. Pamela St. George, attach to the subject property.

   The United States' interest in the property arose as of the dates of assessment listed in the Notices of Federal Tax Lien.  The United States has a priority interest in the subject property superior to the interest of the State of Montana or any other creditor.   In a case such as this, "where a claim or interest of

the United States therein is established," the court "may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States." 26 U.S.C. § 7403(c). The United States is therefore entitled to a decree of sale of the subject property to enforce its tax liens arising from the assessments described above. Accordingly,

IT IS HEREBY ORDERED that the Counterclaimant United States' Motion for Summary Judgment Against Dennis Peiker (ECF No. 54) is GRANTED.

IT IS FURTHER ORDERED that the United States shall submit for the Court's consideration a proposed Judgment, including monetary amounts due as of the proposed date of Judgment and the statutory rate of interest going forward, and a proposed Order of Foreclosure and Judicial Sale.

Dated this 16th day of March, 2018.

CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE